# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 8:09-cv-00346-FG3 |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| ROBERT MORFORD, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court pursuant to 28 U.S.C. § 636 and the consent of the parties on the government's Motion for Summary Judgment (Doc. 17). For the reasons discussed below, the court finds that the motion should be granted.

## I.  INTRODUCTION

This is an action by the United States to recover federally guaranteed student loans made to the defendant, Robert Morford.

## II.  JURISDICTION

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345. Venue in this court is proper under 28 U.S.C. § 1391.

## III.  FINDINGS OF FACT[1]

*The Union Bank Loans (Doc. 18-1, Att. A, B & C)*

1. Robert D. Morford took out three student loans in the amounts of (a) $1,900.00, (b) $625.00 and (c) $2,200.00 from Union Bank and Trust Company (the "Union Bank Loans") at 9% interest per annum. The Union Bank loans were guaranteed by Higher Education Assistance Foundation ("HEAF" or "Guarantor") and the loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 *et seq.*

---

[1] The findings of fact are based on the government's evidence (Doc. 18) because the defendant did not respond to the motion for summary judgment. Under the Local Rules of Practice, NECivR 56.1(b), the defendant's failure to respond is not considered to be confession of the motion; however, the defendant is not excused from meeting his burden under Fed. R. Civ. P. 56.

2.     The Union Bank Loans were disbursed in the net amount of (a) $1,816.08 on or about January 30, 1981 payable to Robert D. Morford; (b) $600.52 on or about May 26, 1981 payable to Robert D. Morford; and (c) $ 1,989.17 on or about October 12, 1981 payable to Robert D. Morford.

3.     The Union Bank Loans became delinquent and defaulted on June 19, 1987. Due to the default, the Guarantor paid the lender a total of $5,124.34, including capitalized interest.

4.     On March 12, 1993, the Union Bank Loans were assigned to the U.S. Department of Education ("DOE").

5.     As of August 1, 2010, the total amount owed on the Union Bank Loans was $15,327.91, which includes $5,124.34 in principal and $10,203.57 in interest. The Union Bank Loans combined continue to accrue interest in the amount of $1.26 per day.

6.     Defendant admitted in his Answer (Doc. 6 at ¶ 3) that on or about January 23, 1981, May 12, 1981 and October 5, 1981, he executed guaranteed student loan promissory notes in the amounts of $1,900.00, $625.00 and $2,200.00 from Union Bank & Trust Company. Defendant admits he owes the principle amount of $5,124.34 on the Union Bank Loans (Doc. 6 at ¶ 5).

### *The City Bank Loans (Doc. 18-1, Att. D, E & F)*

7.     Robert D. Morford took out three student loans in the amounts of (a) $1,363.00, (b) $2,500.00 and (c) $820.00 from City Bank (the "City Bank Loans") at 9% interest per annum. The City Bank Loans were guaranteed by HEAF under the loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 *et seq*.

8.     The City Bank Loans were disbursed in the net amounts of (a) $1,093.22 on or about February 11, 1985 payable to Robert D. Morford; (b) $2,353.12 on or about September 11, 1985 payable to Robert D. Morford and University of Nebraska - Lincoln; and (c) $743.25 on or about July 2, 1982 payable to Robert D. Morford.

9.     The City Bank Loans became delinquent, and defaulted on June 19, 1987 and November 28, 1987. Due to this default, the Guarantor paid the lender a total of $4,871.21, including capitalized interest.

10.    On March 12, 1993 and August 20, 1993, the loans were assigned to the DOE.

11.   As of August 1, 2010, the total amount owed on the City Bank Loans is $14,592.00, which includes $4,871.21 in principal and $9,720.79 in interest. The City Bank Loans, combined, continue to accrue interest in the amount of $1.20 per day.

### *The UNL Loan (Doc. 18-1, Att. G)*

12.   On or about October 29, 1982, Robert D. Morford took out student loan from the University of Nebraska - Lincoln ("UNL") in the total amount of $2,170.00 at 5.00% interest per annum (the "UNL Loan").  UNL made the loan under the federally-funded National Direct Student Loan (now called Perkins Student Loan) programs authorized under Title IV-E of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087aa, *et seq.*

13.   The UNL Loan was disbursed as follows:

| | |
|---|---|
| 10/29/82 | $225.00 |
| 02/07/83 | $225.00 |
| 09/27/83 | $225.00 |
| 02/14/84 | $225.00 |
| 09/25/84 | $370.00 |
| 09/23/85 | $450.00 |
| 02/10/86 | $450.00 |

14.   UNL demanded payment according to the terms of the note, and the borrower defaulted on the obligation on March 6, 1987.

15.   Due to the default, UNL assigned all rights and title to the UNL Loan to the DOE on January 19, 1990.

16.   As of August 1, 2010, the balance on the UNL Loan is $4,781.86, which includes $2,170.00 in principal, $2,522.24 in interest, $87.00 in administrative fees, and $2.62 in Federal offset fees.  The UNL Loan continues to accrue interest in the amount of $0.30 per day.

### *Payments and Offsets*

17.   After the loans were assigned to it, the DOE sent over 150 letters to the defendant, Robert D. Morford.  The DOE has received a total of $319.04 in payments through the Treasury Offset Program.

18.   As of August 1, 2010, the total balance due to the DOE on all of the loans described above was $34,701.77. This amount includes principal of $12,165.55, interest of $22,446.60 in interest, $87.00 in administrative fees, and a Federal offset fee of $2.62.

### IV.  CONCLUSIONS OF LAW

A.   **Standard of Review**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). "In making this determination, the function of the court is not to weigh evidence and make credibility determinations, or to attempt to determine the truth of the matter, but is, rather, solely, to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The court must "look to the substantive law to determine whether an element is essential to a case, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson*, 477 U.S. at 248).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact. *See Tenbarge v. Ames Taping Tool Sys., Inc.*, 128 F.3d 656, 657-58 (8th Cir. 1997); NECivR 56.1(a). "The evidence presented, and all reasonable inferences which may be drawn from the evidence must be viewed in the light most favorable to the nonmoving party.... The moving party bears the burden of showing there are no genuine issues of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)." *Khoury v. Group Health Plan, Inc.*, 615 F.3d 946, 952 (8th Cir. 2010).

In the face of a properly supported motion, "[t]he burden then shifts to the nonmoving party to 'set forth specific facts showing that there is a genuine issue for trial.'" *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 1997), *cert. denied*, 522 U.S. 1048 (1998) (quoting former Fed. R. Civ. P. 56(e)). The nonmoving party must set forth specific facts, supported by affidavits or other proper evidence, showing that there is a genuine issue for trial. *See Wingate v. Gage County School Dist., No. 34*, 528 F.3d 1074, 1078 (8th Cir. 2008); *Khoury*, 615 F.3d at 952; Fed. R. Civ. P. 56(e)(2).

B.  **Burden of Proof**

"To recover on a promissory note the government must first make a prima facie showing that (1) the defendant signed it, (2) the government is the present owner or holder and (3) the note is in default." *United States v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009). "Once such a prima facie case is established, defendant has the burden of proving the nonexistence, extinguishment or variance in payment of the obligation." *Id*.

The declaration of Loan Analyst Alberto Francisco (Doc. 18-1) includes a sworn statement of indebtedness, copies of the promissory notes at issue, proof of disbursement of the proceeds of the various loans to UNL to pay defendant's tuition obligation. The government's loan analyst also verified the interest owed through August 1, 2010, and the interest rates applicable from that date until judgment is entered. Morford has not disputed the authenticity or accuracy of these documents. By virtue of the loan guarantees and assignments, defendant Morford is indebted to the government in the amounts sought in this action. The government has established its prima facie case that it is entitled to recover on the notes.

Since the government has met its prima facie case, the defendant has the burden of proving the nonexistence, extinguishment or variance in payment of the obligation. Defendant did not respond to the government's Motion for Summary Judgment. In his Answer (Doc. 6), however, he raised the affirmative defense of laches, alleging that "23 years is an excessive amount of time to file a complaint." This defense fails as a matter of law because "a laches defense may not be asserted against the government." *Lee v. Spellings*, 447 F.3d 1087, 1090 (8th Cir. 2006). Nor does any statute of limitations bar the collection of student loans. *See Lockhart v. United States*, 546 U.S. 142 (2005); *Lee v. Spellings*, 447 F.3d at 1089.[2] The defendant also alleged that he had no memory of

---

[2]  Before 1991, student loan collection actions by the federal government were governed by a six-year statute of limitations that ran from the time defaulted loans were assigned to the U.S. Department of Education. *See United States v. Hodges*, 999 F.2d 341, 342 (8th Cir.1993); *see also United States v. Distefano*, 279 F.3d 1241, 1243 (10th Cir. 2002) (citing 20 U.S.C. § 1091a(4)(B), (C) (1986))*. The Higher Education Technical Amendments of 1991 (HETA), however, abrogated that statute of limitations. *Hodges*, 999 F.2d at 342; *see also Lockhart v. United States*, 546 U.S. 142, 144 (2005) (noting that HETA "sweepingly eliminated time limitations as to certain loans"); *United States v. Lawrence*, 276 F.3d 193, 196 (5th Cir. 2001) (stating that HETA "eliminates all limitations defenses for collection of student debts"). The applicable statute now provides that "no limitation shall terminate the period within which suit may be filed ... by the Secretary [of Education] for the repayment of the amount due from a borrower on a loan made under this subchapter ... that has been assigned to the Secretary under [subchapter IV of chapter 28 of Title 20]...." 20 U.S.C. § 1091a(a)(2)(D) (2006).
*United States v. Foley*, 2009 WL 2960752 at *2, Case No. 08-4251 (D. Minn. Sept. 10, 2009).

executing any promissory notes from City Bank or UNL; however, the defendant did not produce any evidence in support of this allegation.

While the defendant's failure to respond to the government's Motion for Summary Judgment is not considered to be confession of the motion, the government has met its burden of proof, and the defendant did not meet his burden of proving the nonexistence, extinguishment or variance in payment of the debts.

The court finds there is no genuine issue for trial and the government's Motion for Summary Judgment should be granted.

### V.  ORDER

**IT IS ORDERED** that the government's Motion for Summary Judgment (Doc. 17) is granted.  Pursuant to this Memorandum and Order, judgment will be entered in favor of the plaintiff and against the defendant.

**DATED October 13, 2010.**

                                **BY THE COURT:**

                                **s/ F.A. Gossett, III**
                                **United States Magistrate Judge**